E-FILED
Tuesday, 30 August, 2005  02:52:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, *et al.*, </br></br>Plaintiffs, </br></br>vs. </br></br>S&S FASHION FLOORS, INC., and HELEN M. STRUBEN, </br></br>Defendants. | Case No. 05-1094 |

# ORDER

This matter is now before the Court on Defendant's Motion To Dismiss and the Plaintiff's opposition thereto.  For the reasons set forth below, Defendant's Motion To Dismiss [#9] is DENIED.

## BACKGROUND

Plaintiff, Central Illinois Carpenters Health & Welfare Trust Fund, is an employee benefit plan maintained and administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), and brings this suit against S&S Fashion Floors, Inc. ("S&S"), and Helen M. Struben ("Struben"), who was the former president of S&S prior to its dissolution.  In its Amended Complaint, Plaintiff asserts a claim against S&S to collect delinquent contributions pursuant to 29 U.S.C. § 1145.  In addition, Plaintiff alleges a claim against Struben for breach of fiduciary duty pursuant to 29 U.S.C. § 1009 based on her activities in "winding up"

the affairs of S&S. Specifically, Plaintiff contends that although Struben was aware of the contributions owed to Plaintiff, she nevertheless liquidated the assets of S&S and made payments to other creditors without remitting any payments due to Plaintiff.

Defendant Struben has moved to dismiss the breach of fiduciary duty claim asserted against her for failure to state a claim upon which relief may be granted. Plaintiff has filed its response, and the matter is now fully briefed. This Order follows.

## LEGAL STANDARD

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

## DISCUSSION

The main thrust of Struben's Motion to Dismiss is based on the failure of the Amended Complaint to allege that she was either an alter ego to S&S or that there are circumstances that would warrant piercing the corporate veil. Plaintiff's response, however, makes clear that it is not

asserting liability based on either of these theories, but rather is alleging that Struben can be held personally liable as a fiduciary to the employee benefit plan under 29 U.S.C. § 1002(21).

The parties suggest that the question of whether an owner of a company who also served as an officer can be a fiduciary for purposes of ERISA, 29 U.S.C. § 1002(21) is a question of first impression in the Seventh Circuit. Struben cites to the Tenth Circuit's opinion in In re Luna, 2005 WL 1023383 (10th Cir. May 3, 2005), for the proposition that owners serving as officers are not fiduciaries under § 1002(21). Plaintiff responds that courts in the Second, Fourth, and Fifth Circuits have held just the opposite. *See* Lopresti v. Terwilliger, 126 F.3d 34, 40 (2nd Cir. 1997); Yeseta v. Baima, 837 F.2d 380 (4th Cir. 1988); Bannistor v. Ullman, 287 F.3d 394, 403-04 (5th Cir. 2002).

A fiduciary is one who owes duties to the plan participants and beneficiaries; a fiduciary must exercise care, skill, prudence, and diligence in fulfilling those duties. 29 U.S.C. § 1104(a). Under ERISA, an individual or entity can become a fiduciary in three ways: (1) being named as a fiduciary in the written plan instrument, 29 U.S.C. § 1102(a); (2) being named and identified as a fiduciary pursuant to a procedure specified in the written plan instrument, 29 U.S.C. § 1102(a)(2); or (3) meeting the definition of a fiduciary contained in 29 U.S.C. § 1002(21):

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in  the administration of such plan.

29 U.S.C. § 1002(21)(A). Generally, ERISA ties fiduciary responsibilities to a person's actual authority, and therefore, that person is a fiduciary only "to the extent" that he or she exercises control or authority over the plan. 727 F.2d 113, 133 (7th Cir. 1984).

Here, Plaintiff does not claim that Struben was a named fiduciary or was identified as a fiduciary pursuant to a procedure specified in the plan instrument, but rather asserts the third basis for finding her to have been a fiduciary with respect to the employee benefit plan. Specifically, Plaintiff argues that Struben was a fiduciary because she exercised control over the plan assets by using ERISA contributions to pay other creditors.

The question of whether Struben actually exercised control over plan assets in connection with the actions that she took in her role as S&S's former president by using plan contributions to pay other creditors rather than remitting such contributions to the Plaintiff is a fact intensive inquiry that cannot properly be resolved in a Motion to Dismiss. Thus, the Court concludes that, with further discovery, it is possible that Plaintiff can establish a set of facts in support of its claim that would entitle it to relief against Struben. Struben's Motion to Dismiss must therefore be denied.

## CONCLUSION

For the reasons set forth above, Defendant Struben's Motion to Dismiss [#9] is DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 30th day of August, 2005.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge