E-FILED
Monday, 22 January, 2007  11:49:15 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Central Illinois Carpenters Health & Welfare Trust Fund, et al, ) ) | |
| Plaintiffs ) ) | |
| v. ) ) | Case No. 05-1094 |
| S&S Fashion Floors Inc., and ) Helen M. Struben, ) ) | |
| Defendants ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is motion (Doc. #35) by Helen Struben to dismiss Counts II, III and IV of Plaintiffs' Second Amended Complaint. For the reasons stated below, the motion is granted in part and denied in part.

The Second Amended Complaint alleges that Helen Struben ("Struben") was the sole officer and shareholder of S&S Fashion Floors Inc. ("S&S"), a now-dissolved corporation, and that she personally received the proceeds from the sale of company assets when the corporation was dissolved. It also alleges that defendant failed to file proper Dissolution documents with the Illinois Secretary of State when S&S was dissolved.

On the basis of those alleged facts, plaintiffs (referred to herein cumulatively as "the Funds") assert a claim in Count I against S&S under ERISA, 29 U.S.C. § 1145, for delinquent contributions to the Funds. Count II, against Helen Struben, alleges that Struben breached her fiduciary duty in violation of 29 U.S.C. § 1002(21) when she liquidated the assets of the company and paid some creditors but not the Funds. Count III claims that Helen Struben was an "alter ego" of S&S. Count IV alleges a violation of the

Illinois Business Corporation Act in the dissolution of S&S. Counts III and IV were only recently added to the complaint, on the basis of information learned during Struben's deposition in October of 2006. See Order dated Nov. 27, 2006. Defendant Struben has moved to dismiss all three of the counts against her.

The portion of the motion that addresses Count II was previously addressed in an Order dated Aug. 30, 2005, in which the Court denied defendant's motion to dismiss the breach of fiduciary claim in the original complaint. In that Order, the Court found that the question whether Struben was a fiduciary under 29 U.S.C. § 1102(a)(iii) could not properly be addressed in a Motion to dismiss but rather should only be addressed after plaintiff has had the opportunity to conduct discovery on that issue. Defendant now asserts that that ruling should be reconsidered because plaintiff has conducted discovery but did not amend Count II to include any facts that would support her claim.

Plaintiff was under no obligation to plead facts in her amended complaint, any more than she was in her original complaint. See, Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998)(emphasizing the "limited analysis appropriate on a motion to dismiss). A motion to dismiss is not an occasion to argue the merits of a case. Weiler v. Household Finance Corp, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Defendant has cited no intervening change in case law that might call into question the analysis or conclusion of the earlier Order. Accordingly, the motion to dismiss Count II is denied for the same reasons stated in the earlier Order. To the extent that this question should be addressed before trial, it may be raised in a motion for summary judgment following close of discovery.

In Count III, Plaintiff alleges that Helen Struben was an alter ego of the corporation and that the corporate veil should be pierced. A claim to pierce the corporate veil requires

proof of a unity of interest and ownership between the corporation and an individual so that the separate personalities between them no longer exist, and a showing that adherence to the fiction of a separate corporate existence would promote injustice or inequity. Internat'l Financial Svcs. Corp. v. Chromas Technologies Canada Inc., 356 F.3d 731, 736 (7th Cir. 2004).

Defendant argues that, in addition to those elements, Plaintiff must also show the fraudulent intent of the incorporators, relying on Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 85 F.3d 1282 (7th Cir. 1996). Because plaintiff has failed to plead that fraudulent intent with the particularity demanded by Fed.R.Civ.P. 9(b), defendant asserts that the claim is deficient.

Central Transport was an alter ego claim, under ERISA, where there were interrelated corporate entities. Nowhere does the case purport to establish the elements for situations involving an *individual* shareholder of a corporation. I conclude that there is no requirement of proof (or allegation) of fraudulent intent and therefore deny the motion to dismiss Count III.

In Count IV, Plaintiffs claim that Struben individually violated an unspecified provision of the Illinois Business Corporation Act when she received the assets of the corporation to the detriment of corporate creditors, including the Plaintiffs. Plaintiffs seek recovery of the entire amount of the unpaid contributions of S&S Corporation. Defendant argues that such claims are preempted by ERISA.

The purpose of ERISA is to provide a uniform regulatory scheme that governs all qualified employee benefit plans. To this end, ERISA includes expansive preemption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that

3

employee benefit plan regulation would be "exclusively a federal concern." <u>Alessi v. Raybestos-Manhattan, Inc.</u>, 451 U.S. 504, 523 (1981), quoted in <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 208 (2004).

ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." <u>Massachusetts Mut. Life Inc. Co. v. Russell</u>, 473 U.S. 134,147 (1985). As the Supreme Court said in <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41 (1987):

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 'The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'

<u>Id.</u>, at 54, quoting <u>Russell</u>, 473 U.S. at 146.

Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with congressional intent to make the remedies set forth in ERISA exclusive and is therefore pre-empted. See <u>Pilot Life</u>, 481 U.S., at 54-56; see also <u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S. 133, 143-145 (1990); <u>Davila</u>, 542 U.S. at 208-209.

The Seventh Circuit - and all other Circuit Courts to have considered the issue - preclude imposition of individual ERISA liability on corporate officers except to the extent that the officer is liable for general corporate debts under state corporate law. Following

an extensive discussion in Plumbers' Pension Fund v. Niedrich, 891 F.2d 1297 (7th Cir. 1989), the Court of Appeals noted:

> [C]ourts routinely rebuff efforts to collect pension debts from managers and investors unless the officer or investor would be liable for the firm's other debts under state law - in other words, unless courts would pierce the corporate veil' in light of the structure and operation of the particular firm.

Id. at 1301, quoting from Levit v. Ingersoll Rand Financial Corp., 874 F.2d 1186, 1193-94 (7th Cir. 1989).

Allowing the Plaintiffs to collect unpaid contributions from Struben individually via the Business Corporation Act would be to authorize a supplemental remedy, except to the extent that Illinois law permits piercing the corporate veil. Plaintiffs' claim against Struben arising out of the alter-ego theory is stated in Count III. All other claims against Struben individually either are preempted by ERISA or are merely duplicative of Count III. In light of this conclusion, there is no need to discuss the remaining arguments as to Count IV. The motion to dismiss Count IV is granted.

For the reasons stated herein, the motion to dismiss Count II and Count III is denied, and the motion to dismiss Count IV is granted. Defendant shall file an answer to the remaining counts within 14 days of the date of this Order.

ENTER this 22nd day of January 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE