UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Central Illinois Carpenters Health and Welfare Trust Fund, et al, )<br>Plaintiffs )<br>)<br>v. )<br>)<br>S&S Fashion Floors, Inc., Helen M. Struben, and Flooring Products Inc., )<br>Defendants ) | Case No. 05-1094 |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the motion by Plaintiffs (#98) to alter or amend the judgment that was entered in this case on February 24, 2009. See Opinion and Judgment Order (Doc.#96) and Judgment (Doc. #97). As explained herein, that Motion is granted.

Also before the Court is the Defendant's motion (#100) to alter or amend the Judgment. That motion is denied.

**THE JUDGMENT**

In the Opinion and Judgment Order (hereinafter "Order"), the Court found in favor of the Plaintiffs and against S&S Fashion Floors on the Plaintiffs' ERISA claim for delinquent contributions, liquidated damages and interest (Count I) . Damages were awarded in the amount of $56,386.39 plus attorney's fees and costs. In Count III, the Court found that Helen Struben was an alter ego for S&S and awarded damages to the Plaintiffs in the amount of $56,386.39. No mention was made to attorney's fees or costs as to Count III in either the Order or the Judgment. All other counts were resolved against the Plaintiffs.

## PLAINTIFFS' MOTION

In the instant motion, Plaintiffs argue that section 29 U.S.C. 1132(g)(2)(D) of ERISA makes attorney's fees mandatory "in any action ... by a fiduciary on behalf of a plan to enforce Section 1145 of ERISA." Section 1145 authorizes actions to recover delinquent contributions from an employer. The issue before the Court is whether Count III falls within the scope of an action "to enforce Section 1145."

According to Plaintiffs, Count III was such an action, citing paragraphs 6 and 11 of the Third Amended Complaint (Doc. #67). Paragraphs 6 and 11, first alleged in Count I but adopted and incorporated into Count III, read as follows:

> 6. Pursuant to ERISA, 29 U.S.C. §1145, S&S FASHION FLOORS, INC., was required to make contributions to the Funds in accordance with the terms and conditions of the Fund's Agreement and Declaration of Trust, and to pay liquidated damages in the event said contributions are not timely made, as shown by Plaintiff's **Exhibit C**, which was attached to Plaintiffs' Original Complaint and made a part thereof, and by reference is made a part hereof;
>
> 11. That pursuant to the terms of the Agreement and Declaration of Trust (**Exhibit C**) and ERISA, 29 U.S.C. § 1132(g)(2), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by the Fund in collection of delinquent contributions[.]

These two paragraphs do not help Plaintiffs' position, because the defendant in Count I is S&S, not Helen Struben. Moreover, these 2 paragraphs are contradicted by paragraph 1 of Count III, which states that it arises under ERISA, 29 U.S.C. § 1109,[1] which section governs liability for breach of fiduciary duty. Breach of fiduciary duty was the claim asserted against Helen Struben in Count II and as to which the Court found in her favor.

---

[1] The complaint actually cites to § 1009. There is no such section. The Court presumes, as did Defendant, that the intended citation was to § 1109.

There is, however, nothing that requires a plaintiff to plead the legal basis for a claim. Moreover, from the time the alter ego claim was first plead, there has been no question that this claim was not a traditional state law alter ego claim. Rather, it was an effort to impose individual ERISA liability for delinquent contributions on a corporate officer who would be liable for general corporate debts under state law theories of piercing the corporate veil. See, Order (Doc. #39), citing Plumbers' Pension Fund v. Niedrich, 891 F.2d 1297, 1301 (7th Cir. 1989); Levit v. Ingersoll Rand Financial Corp., 874 F.2d 1186, 1193-94 (7th Cir. 1989). Any such direct liability would arise under Section 1145, not Section 1109.

Neither the apparently erroneous reference in Count III to Section 1109, nor the failure to allege the specific section of ERISA under which Count III was brought alters the legal basis for the claim asserted in Count III. To accept Defendant's argument that Plaintiffs are somehow "changing position" at this late date would be to ignore the realities of this case. At no time did this matter form the basis of any motion by Defendant, nor was it brought to the Court's attention in the pretrial order as a disputed issue of law. A claim against Struben to recover from her the delinquent contributions of the corporation for which she was an alter ego is a claim that arises under only one statutory section: §1145.

This complaint could even now be amended. Fed.R.Civ.P. 15(b)(2) specifically states that a complaint may be amended to include an un-pled claim that was tried by the parties' implied consent. Such claims "must be treated in all respects as if raised in the pleadings," and "failure to amend does not affect the result of the trial of that issue."

Defendant next asserts that, in order to reach Helen Struben under ERISA, the Plaintiffs must have proved that Helen herself was an employer. That is not a correct statement of the law. An

individual corporate officer may be liable under ERISA if that officer is an alter ego of the employer. This was emphasized in Bd. Of Trustees v. Elite Erectors, Inc., 212 F.3d 1031 (7th Cir. 2000), where the Court distinguished assertions of vicarious liability from assertions of alter ego: in the latter, a finding that A is B's alter ego is a finding that, for legal purposes, A and B are the same entity. Hence, if A is an employer, so is B. See also, Varity Corp. V. Howe, 516 U.S. 489, 492 (1996).

Defendant also argues that an alter ego claim is an equitable claim, so that the extent of any remedy is committed to the court's discretion. Thus, according to Defendant, an award of attorney's fees is discretionary. I disagree. That might be the case if the liability that attached to Helen Struben by virtue of her status as an alter ego derived from state common law, but that is not the situation here. Struben's liability is ERISA liability. Remedies under ERISA therefore are available to the Plaintiffs. ERISA provides that an award of attorney's fees is mandatory in actions under § 1145. As noted above, that is the proper description of Count III.

Another way to look at this issue is to view the entire judgment - including attorney's fees - as to Count I as a debt of S&S. Helen Struben, as the alter ego of S&S, is responsible for the entire amount of that debt.

The award of damages in Count III should have included fees and costs, regardless of whether the award of attorney's fees is a direct result of the alter ego finding (Helen is directly liable for the entire judgment against S&S in Count I, which includes fees) or whether the award of fees is because Helen's direct ERISA liability under § 1145 has been established and Plaintiffs are thus entitled to fees. The motion to alter or amend the judgment as to Count III is therefore granted.

**DEFENDANTS' MOTION**

Defendants S&S Fashion Floors Inc. ("S&S") and Helen Struben ask for a number of amendments to the Judgment. They quarrel with the dollar amount of the judgment against S&S, asserting that the court neglected to consider some of the post-trial arguments they made and erred legally and factually as to a number of other issues.

Many of the arguments raised by defendants were thoroughly discussed in the original Judgment Order and they will not be discussed again here. It is sufficient to state that nothing in the Defendants' motion gives the Court pause about the decision reached. In addition, they ask that the court reconsider the judgment in Count III to prevent manifest injustice. Each argument will be addressed in turn.

In general, defendants' arguments can be refuted by noting that the statute absolutely obligates an employer to keep records. While there can be no presumption entering a trial based on the failure to keep those records, the Court engaged in no such presumption.

Rather, the Court rejected the employer's argument that the Plaintiffs failed to prove their case because they did not call S&S employees to testify. Doing so might be necessary in some cases, if, for example, the auditor's findings had no basis in fact. But here, the auditor relied on historical documents showing employees were union members, reasonably concluding that, in the absence of any records to the contrary, all the work those employees did was covered work. Where the employer provided documents - even at the late date of weeks before trial and even after several court orders that were basically ignored by the Defendants - the auditor took them into account and revised his report.

Once the auditor's report was in evidence and supported by credible testimony, the burden was for defendants to defend the case by putting on evidence showing that the auditor's conclusions

were incorrect. Instead of doing so, the only defense offered was testimony that the Court previously found incredible on all key points. Requiring the Defendants to defend is not the same thing as presuming there were delinquent amounts simply because there are no records. There was no conclusive presumption; the Court's finding stemmed from the determination that Randy's and Helen's testimony was unreliable and incredible, and without their testimony, no defense was presented. Either party could have called the individual employees to testify about their work. When the court stated, "The dearth of records dooms the argument," it was stating a conclusion, not a presumption.

This case is not like Carpenters Pension Fund v. Reinke Insulation Co., 347 F.3d 262 (7th Cir. 2003). In that case, the employer's general manager testified about how he created various documents that were used in making bids. Those documents directly contradicted the Funds' assertion of delinquency, and the Funds put on no evidence to contradict the documentary evidence. The District Court, moreover, found the general manager's testimony credible. Under those circumstances, the Seventh Circuit concluded that the District Court's findings against the Funds were not clearly erroneous.

Many of the other arguments quarrel with the Court's rejection of Randy and Helen's testimony as unbelievable. Defendants posit that the Court must accept their testimony because the Funds put on no effective cross examination and no contrary evidence. The Court is not obligated to take witness or party testimony at face value simply because some aspect of it was not directly challenged on cross examination. The Court found that the audit was reasonably based on the information provided to the examiner by the employer, and that the auditor was credible and reasonable in his conclusions. The Court found that Randy's testimony was not credible, based on

his memory, the internal inconsistencies and contradictions of his testimony, and on other factors that enter into an evaluation of credibility. The Court found Helen's testimony wholly unhelpful, as her memory was of no assistance whatsoever. Defendants' suggestion that the Court based its credibility determination on a belief that Randy could not have remembered the names of a few people who did specialized work is a mis-statement of the findings.

The old maxim about ignorance of the law has applicability to Defendants' assertion that they did not know what records they were required to keep. Clearly there is a statutory burden on employers to maintain sufficient records to support their contributions to employee benefit and pension funds. An employer which keeps no contemporaneous records of work performed falls so far below the statutory requirement that the assertion here borders on the absurd. While it is true that the Plaintiffs could have done a more timely and professional job in responding to the defendants' efforts to fine-tune the audit, the Defendants' suggestion that this entire problem should be lain at the feet of the Plaintiffs is without merit.

Most of the rest of Defendants' arguments are based on facts and figures gleaned from Defendants' Exhibit 11A. As noted in the original Judgment Order, most of the documents contained in this Exhibit did not qualify as business records, and those that might have were seriously compromised by errors, handwritten interlineations, and missing information. Those documents did not satisfy either the auditor or this Court as sufficient to challenge the auditor's conclusions.

## CONCLUSION

The Plaintiff's motion to amend is granted, and the Clerk is directed to amend the judgment as to Count III, to include attorney's fees and costs. The amount of fees and costs will be considered in another order. The Defendants' motion to reconsider and amend is denied in its entirety..

ENTERED ON  April 20, 2009

          s/ John A. Gorman

         JOHN A. GORMAN
       UNITED STATES MAGISTRATE JUDGE